UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,

    Plaintiff,

    v.       CAUSE NO. 3:24-CV-244-HAB-SLC

GALIPEAU, JONES, and ARNETT,

    Defendants.

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, filed a vague complaint alleging that he was denied kosher meals in May 2023. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges Officer Arnett denied him a kosher meal on May 10, 2023. Johnson also alleges Sgt. Jones and Officer Arnet denied him a kosher meal later that day at dinner. It is unclear what happened. Were they distributing meals or did they interfere with someone who was? Had either of them given him a kosher meal before? Were any kosher meals available or had they not been prepared that day? Why was Johnson not given a kosher meal? How did they know Johnson needed a kosher meal?

Johnson says he went on a hunger strike for two and a half days so he could get kosher meals. He does not say who denied him kosher meals on those days or how he ultimately got them.

This complaint is short on facts, dates, and specifics. Based on what says, it is not plausible to infer that any of the named defendants violated his constitutional rights and is financially liable to him. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Dedrick Johnson until **December 2, 2024**, to file an amended complaint; and

(2) CAUTIONS Dedrick Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 28, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT