UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEDRICK JOHNSON,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-244-HAB-SLC

JONES, ARNETT,

    Defendants.

OPINION AND ORDER

Dedrick Johnson, a prisoner without a lawyer, filed an amended complaint alleging he was denied a Kosher diet for two and a half days at the Westville Control Unit. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges Officer Arnett and Sgt. Jones knew he required (and was approved for) a Kosher diet when they refused to give him Kosher meals on May 10, 2023, even though they had them available. He alleges he went without Kosher meals for two and a half days because of their actions. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*,

657 F.3d 591, 592-93 (7th Cir. 2011). Correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). These allegations give no indication that there was any legitimate penological reason to deny Johnson his Kosher diet for two and a half days.

For these reasons, the court:

(1) GRANTS Dedrick Johnson leave to proceed against Officer Arnett and Sgt. Jones in their individual capacities for compensatory and punitive damages for denying him a Kosher diet at the Westville Control Unit for two and a half days beginning May 10, 2023, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Arnett and Sgt. Jones at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 12);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Arnett and Sgt. Jones to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 8, 2025.

                                                s/ *Holly A. Brady*
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT