**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **DEDRICK JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 3:24-cv-00244-ALT** |
| | ) | |
| **JONES,** *Sgt.*, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

*Pro se* Plaintiff Dedrick Johnson, an incarcerated individual at Westville Correctional Facility ("Westville") and practicing Muslim, filed this 42 U.S.C. § 1983 case in March 2024 against two Westville correctional officers, Defendants Sergeant Randy Jones ("Jones") and Officer Ryan Rans-Arnett ("Rans-Arnett"), alleging that in May 2023 they denied him kosher meals for two-and-one-half days in violation of his right to exercise his religion under the Free Exercise Clause of the First Amendment. (ECF 12, 13).[1] Defendants have filed a motion for partial summary judgment, together with a memorandum in support, statement of material facts, and exhibits, asserting the undisputed evidence shows Defendants had no involvement with Plaintiff's meals during much of the two-and-one-half days and seeking to narrow this case to only those meals Plaintiff asserts were delivered by Defendants. (ECF 38, 39, 40). In opposition to the motion, Plaintiff filed a response brief, together with a supporting memorandum, exhibits, and a response to Defendants' statement of material facts. (ECF 42, 43). Defendants timely filed a reply. (ECF 44). Therefore, the motion is ripe for ruling.

For the following reasons, Defendants' motion for partial summary judgment will

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (ECF 30).

GRANTED as to Jones and GRANT IN PART and DENIED IN PART as to Rans-Arnett.

### A. Statement of Material Facts[2]

In January 2023, Plaintiff (IDOC No. 233865) was transferred from the Indiana State Prison ("ISP") to Westville and moved into "A-Pod, a restrictive housing range." (ECF 40 ¶¶ 1, 5). Plaintiff is a practicing Muslim, who normally would eat a halal diet, but because IDOC does not offer halal meals, Plaintiff takes a kosher diet. (*Id.* ¶ 6). Plaintiff had been taking kosher meals at Westville since on or about February 17, 2023, when his application for a kosher diet was approved. (ECF 38-4 at 12-13). Plaintiff has been a Muslim since childhood. (*Id*. at 9-10).

On Wednesday, May 10, 2023, Defendants Jones and Rans-Arnett worked the day shift at Westville. (ECF 40 ¶ 7). Plaintiff states that Rans-Arnett denied him a kosher breakfast that morning. (ECF 38-4 at 16-17; ECF 43 at 2). At lunch, Rans-Arnett delivered Plaintiff a regular meal (ECF 38-4 at 17-20; ECF 42-2 at 1; ECF 40 ¶ 9), stating "fuck your religious diet" (ECF 38-4 at 17-20; ECF 42-2 at 1).[3] Plaintiff refused the lunch because it was not kosher. (ECF 40 ¶ 9; ECF 38-4 at 17-20; ECF 42-2 at 1). Jones and Rans-Arnett delivered Plaintiff a regular dinner, which Plaintiff again refused because it was not kosher. (ECF 38-4 at 20-21; ECF 40 ¶ 10; ECF 42-2 at 2). Again, Arnett said "fuck your religious diet." (ECF 38-4 at 20). At this point, Plaintiff declared he was going on a hunger strike until he received his kosher diet. (ECF 38-4 at 21; ECF 40 ¶ 11; ECF 42-2 at 2).

As to Thursday, May 11, 2023, Plaintiff testified that he believed it was Rans-Arnett who delivered a regular breakfast to him that day, though he could not be certain. (ECF 38-4 at 23-24,

---

[2] For summary judgment purposes, the facts are recited in the light most favorable to Plaintiff, the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

[3] Both Jones and Arnett deny ever making such a statement. (ECF 38-1 ¶ 15; ECF 3-3 ¶ 11).

30; ECF 40 ⁋ 13). Plaintiff refused the breakfast because it was not kosher. (ECF 38-4 at 23-24; ECF 40 ⁋ 13). Plaintiff first testified that he could not recall who delivered his lunch and dinner on May 11, 2023, but he refused those meals because they were not kosher. (ECF 40 ⁋ 14; ECF 38-4 at 24-25). However, later in his deposition, Plaintiff testified that on May 11, 2023, Arnett and Jones were "working the pod and served the food." (ECF 38-4 at 30). The Restrictive Housing Daily Log for the Westville Control Unit ("Daily Log"), which is a handwritten document maintained by Westville, reflects that Jones worked the day shift on May 11, 2023, but Rans-Arnett did not. (ECF 40 ⁋ 12; ECF 42-2 at 7-10).

On Friday, May 12, 2023, Plaintiff refused breakfast, lunch, and dinner again because the meals offered to him were not kosher. (ECF 40 ⁋ 16; ECF 38-4 at 25-26). Plaintiff was unable to identify the correctional officers who delivered his meals that day. (ECF 40 ⁋ 16; ECF 38-4 at 25-26). The Daily Log reflects that neither Jones nor Arnett worked on May 12, 2023. (ECF 40 ⁋ 15); ECF 42-2 at 11-14).[4]

### B. Standard of Review

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a); *see Payne*, 337 F.3d at 770. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th

---

[4] Plaintiff also claimed at his deposition that he was denied a kosher diet on May 13 and 14, 2023. (ECF 38-4 at 27-29). Defendants did not submit evidence pertaining to May 13 and 14, 2023, asserting these contentions exceed the claims allowed to proceed in the Court's screening Order dated January 8, 2025. (ECF 40 ⁋ 17; *see* ECF 12 at 3; ECF 13 at 2). Plaintiff does not dispute Defendants' assertion. (ECF 43 at 2). Plaintiff began receiving kosher meals again at breakfast on May 15, 2023. (ECF 40 ⁋ 18).

Cir. 2005) (citation omitted).

When ruling on a motion for summary judgment, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne*, 337 F.3d at 770 (collecting cases). The only task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.* (quoting *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). If the evidence is such that a reasonable factfinder could return a verdict in favor of the nonmoving party, summary judgment may not be granted. *Id.*

A court must construe the record in the light most favorable to the nonmoving party and avoid "the temptation to decide which party's version of the facts is more likely true," as "summary judgment cannot be used to resolve swearing contests between litigants." *Id.* (citations omitted); *see also Ballance*, 424 F.3d at 616. However, "a party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Payne*, 337 F.3d at 771 (citation omitted); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) (instructing that in determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts" (citation omitted)).

### C.  Discussion

Defendants seek partial summary judgment in their favor, contending that a genuine issue of material fact exists only as to a few meals during the period of May 10 to May 12, 2023. (ECF 39 at 1). Defendants contend there is no genuine issue of material fact that: (1) Jones cannot be

4

held liable for the breakfast served on May 11, 2023, or any meals served on May 12, 2023; and (2) Rans-Arnett cannot be held liable for any meals served on May 11 or May 12, 2023. (*Id.*).

To prove that prison staff violated his free-exercise rights under the First amendment, a plaintiff "must show that the defendants 'personally and unjustifiably placed a substantial burden on his religious practices.'" *West v. Kind*, No. 17-cv-482-pp, 2018 WL 3637538, at *3 (E.D. Wis. July 31, 2018) (quoting *Thompson v. Holm*, 809 f.3d 376, 379 (7th Cir. 2016)). "A 'substantial burden' is one that 'puts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* (brackets omitted) (quoting *Thompson*, 809 F.3d at 379). "A burden is unjustified if it is not reasonably related to a legitimate penological interest." *Id.* (quoting *Thompson*, 809 f.3d at 379).

"For a defendant to be held liable under section 1983, he must have been personally involved in the violation of the plaintiff's constitutional rights." *Renee v. Neal*, 483 F. Supp. 3d 606, 613 (N.D. Ind. Sept. 2, 2020) (citing *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018)). "The personal-involvement requirement is satisfied if the constitutional violation occurs at a defendant's direction or with [his] knowledge or consent." *Mitchell*, 895 F.3d at 498 (citation omitted); *see Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." (citation omitted)).

1. Defendant Jones

Jones is not moving for summary judgment on Plaintiff's claims for denial of kosher meals on May 10, 2023. (ECF 39 at 4). Jones instead targets breakfast on May 11, 2023, arguing that the Daily Log shows he arrived after breakfast had been served on May 11, and thus, he

5

could not have deprived Plaintiff a kosher breakfast that day. (*Id.* (citing ECF 38-1 ⁋ 10; ECF 38-2 at 5)). Plaintiff does not dispute this point, contending it was Rans-Arnett who denied him a kosher breakfast on May 11, 2023. (ECF 38-4 at 37-38; ECF 43 at 2).

Jones also contends that he could not have denied Plaintiff a kosher meal on May 12, 2023, because the Daily Log indicates he did not work that day. (ECF 39 at 4 (citing ECF 38-1 ⁋ 10; ECF 38-2 at 5-8)). Again, Plaintiff does not materially dispute this evidence, as Plaintiff testified at his deposition that he could not recall which correctional officers delivered his meals on May 12, 2023. (ECF 38-4 at 26-27; ECF 43 at 2); *see Brown v. CACH, LLC*, 94 F.4th 665, 667 (7th Cir. 2024) ("Summary judgment is the 'put up or shut up' time in litigation." (citation omitted)). Consequently, the motion for partial summary judgment will be granted in Jones's favor. On the record presented, no reasonable jury could conclude that Jones denied Plaintiff a kosher meal for breakfast on May 11, 2023, or any meal on May 12, 2023.

2.   Defendant Rans-Arnett

Rans-Arnett is not moving for summary judgment on Plaintiff's claims for denial of kosher meals on May 10, 2023. (ECF 39 at 4). Rans-Arnett instead argues that he could not have deprived Plaintiff of any kosher meals on May 11 and May 12, 2023, because the Daily Log reflects he did not work those two days. (*Id.* (citing ECF 38-3 ⁋ 7; ECF 38-2 at 5-12)).

In response, Plaintiff argues the Daily Log "is not a time card" and is not "solid evidence that [Rans-Arnett] was not at [Westville] on May 11, 2023." (ECF 42-1 at 1). At his deposition, Plaintiff testified that he believed it was Rans-Arnett who denied him a kosher breakfast on May 11, 2023. (ECF 38-4 at 23-24; ECF 43 at 2-3). Plaintiff further testified that on May 11, 2023, Arnett and Jones were "working the pod and served the food." (ECF 38-4 at 30). However, at

another point in his testimony, Plaintiff stated he could not recall who served him lunch and dinner on May 11, 2023. (ECF 38-4 at 24-25, 30-31). Despite this inconsistency in testimony, when viewing the facts in the light most favorable to Plaintiff and affording him every reasonable inference, a genuine issue of material facts exists as to whether Rans-Arnett denied Plaintiff kosher meals for breakfast, lunch, and dinner on May 11, 2023.

Moving on to May 12, 2023, Plaintiff does not dispute Defendants' production of the Daily Log and Rans-Arnett's affidavit, which reflect that Rans-Arnett did not work on May 12, 2023. (*See* ECF 38-2 at 9-12; ECF 38-3 ⁋ 7). Plaintiff testified at his deposition that he could not recall who served his meals on May 12, 2023. (ECF 38-4 at 25-26). This leaves Defendants' evidence that Rans-Arnett did not work on May 12, 2023—and thus, could not have denied Plaintiff kosher meals that day—undisputed.

Therefore, the motion for partial summary judgment will be granted in part and denied in part as to Rans-Arnett. On the record presented, a genuine material dispute exists as to whether Rans-Arnett denied Plaintiff a kosher breakfast, lunch, and dinner on May 11, 2023, necessitating the denial of summary judgment as to the meals on May 11, 2023. However, given the undisputed evidence that Rans-Arnett did not work on May 12, 2023, no reasonable jury could conclude that Rans-Arnett denied Plaintiff a kosher meal that day, and thus, summary judgment will be granted in Rans-Arnett's favor as to the meals on May 12, 2023.

### D. Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment filed on October 8, 2025 (ECF 38), is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Defendant Jones in that no reasonable jury could conclude Jones denied

Plaintiff a kosher meal for breakfast on May 11, 2023, or any kosher meal on May 12, 2023. The motion is also GRANTED IN PART as to Defendant Rans-Arnett in that no reasonable jury could conclude Rans-Arnett denied Plaintiff any kosher meal on May 12, 2023. The motion, however, is DENIED with respect to Plaintiff's claim that Rans-Arnett denied him kosher meals on May 11, 2023. The First Amendment claims remaining for the May 10 to May 12, 2023, time period are: (1) the alleged denial of kosher meals on May 10, 2023, and kosher lunch and dinner on May 11, 2023, against Defendant Jones; and (2) the alleged denial of kosher meals on May 10, 2023, and May 11, 2023, against Defendant Rans-Arnett.

SO ORDERED.

Entered this 10th day of August 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge